# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-00077-RLV

| | |
|---|---|
| JONATHAN BYNUM, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SUPER SERVICE, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Jonathan Bynum's Motion to Proceed *in forma pauperis* (Doc. No. 2) (the "IFP Motion"). For the following reasons, the IFP Motion is **DENIED** and the complaint is **DISMISSED**.

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court must first review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In so doing, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law.

*Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Indeed, the rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 2015 U.S. Dist. LEXIS 103286, at *4 (W.D.N.C. Aug. 6 2015); *Godfrey v. Long*, 2012 U.S. Dist. LEXIS 2671, at *3-4 (E.D.N.C. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In his complaint, Plaintiff alleges a cause of action against Super Service[1] for "discrimination." *See* [Doc. No. 1] at p. 1. Plaintiff alleged that Super Service was his former "employer." *Id.* at pp. 1-5. As best as the Court can deduce from the filings, Plaintiff claims that, while employed with Super Service, he was denied "fundamental fairness and justice" when he was terminated by Super Service for failing a drug test. *See*, *e.g.*, [Doc. No. 1] at p. 2; [Doc. No. 1-1] at pp. 1-2. Though Plaintiff references Section 1985 in his complaint,[2] the Court construes the claim as attempting assert a discrimination claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA"),[3] as attempting to state a private cause of action under relevant

---

[1] The Court notes that Defendant is named in this suit only as "Super Service." [Doc. No. 1] at p. 1. However, in Plaintiff's exhibits, filed concurrently with the Court, it is shown that "Super Service" is a limited liability company. *See* [Doc. No. 1-1] at p. 7. Plaintiff has not alleged the citizenship of each of Super Service's members. *See*, *e.g.*, *Dogs-By-Andy K-9 Servs., LLC v. Sherwin-Williams Co.*, 2015 U.S. Dist. LEXIS 146243, at *3-5 (W.D.N.C. 2015) (Voorhees, J.). However, because the complaint must be dismissed on other grounds, this jurisdictional shortcoming is moot.

[2] The complaint clearly fails to state a claim under 42 U.S.C. 1985 because there is no allegation that the Defendant conspired with another to commit any of the acts proscribed by that section. *See* 42 U.S.C. 1985(1)-(3). The "conspiracy" element is a high hurdle indeed – the Fourth Circuit "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Plaintiff's complaint comes up far short of accomplishing what others before him have failed to do.

[3] The Court construes the claim in this manner because the record indicates that Plaintiff contends he failed the drug test because his prescription medications triggered a positive result. He claims that Defendant's failure to provide him with a review of his failed test, or to re-test him, constitutes actionable "discrimination." *See* [Doc. No. 1-1] at pp. 3, 5-6; *see also* [Doc. No. 1] at pp. 2-3.

Department of Transportation ("DOT") regulations, and certain state law claims. *See* [Doc. No. 1] at pp. 1-5. Even with a liberal construction, however, Plaintiff's claims must fail.

First, under the ADA, it is well settled that a plaintiff is required by statute to exhaust his administrative remedies before filing suit. *See* 42 U.S.C. § 2000e-5(b), (f)(1); *see also* Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir. 2012). Here, Plaintiff has made absolutely *no showing* that he exhausted his administrative remedies prior to filing this lawsuit. Because the administrative process is not "a formality to be rushed through," the Plaintiff must first pursue his ADA claim before the Equal Employment Opportunity Commission prior to seeking relief from this Court. *See*, *e.g.*, *Echenique v. Convergys*, No. 3:11-CV-147-RJC-DCK, 2011 WL 6032708, at *3 (W.D.N.C. 2011), *aff'd by* 473 Fed. App'x 323 (4th Cir. 2012). As a result, Plaintiff's ADA claim must be **DISMISSED**.

Second, to the extent Plaintiff relies on DOT regulations to state a cause of action, that claim must also fail. Here, the DOT promulgated a regulation that provides, in relevant part, that a flawed "alcohol test" may subject a regulated employer to "enforcement action . . . ." 49 C.F.R. § 40.275(c). Even assuming this regulation applies to the Defendant, 49 C.F.R. § 40.275(c) refers only to "alcohol tests," not the drug tests to which Plaintiff was subjected. *See* 49 C.F.R. § 40.3 (differentiating between alcohol and drug tests). Moreover, even assuming that 49 C.F.R. § 40.275(c) applies notwithstanding its applicability to alcohol tests only, Plaintiff has pointed the Court to no authority granting him a private right of action to enforce this regulation against the Defendant. Indeed, the regulation appears, on its face, only to grant enforcement authority to the Secretary of Transportation, or his designee. *See*, *e.g.*, 49 U.S.C. § 31306; 49 C.F.R. § 40.275(c). Because Plaintiff has pointed to no authority to demonstrate he has a private, federal cause of action under this regulation, such claim must be **DISMISSED**.

Finally, Plaintiff has failed to state any claims under North Carolina law. In count one, Plaintiff alleges a claim for "civil assault (torts)." [Doc. No. 1] at p. 3. In support, he alleges as follows:

> Defendant fail to pass company policy by insufficiently restraining [sic] discretion rehiring [sic] corrective action of defendants [sic] authority.

[Doc. No. 1] at p. 3. Plaintiff's count two asserts a claim for "diversity of citizenship" and alleges as follows:

> Plaintiff rested on a determination of companys [sic] chain of custody not exercised over weigh unfair prejudice by super services [sic] safty [sic] review board.

*Id.* Count one clearly fails to state a cause of action for assault under North Carolina law. Count two is indecipherable. Consequently, these claims are **DISMISSED**.

Because all of the Plaintiff's claims have been dismissed as frivolous, the IFP Motion is **DENIED** and the complaint is **DISMISSED**.

As a final matter, the Court again notes that Plaintiff Bynum has filed *numerous* suits with this Court – many of which have been dismissed as outright frivolous. The Court hereby warns Mr. Bynum: The resources and patience of this Court are not limitless. One consumes governmental resources when filing a lawsuit. These governmental resources are available to assist persons with dispute resolution. However, the consumption of governmental resources for the purpose of harassment detracts from this Court's ability to provide resources to others. Put simply, time spent working on cases that are ultimately found frivolous takes away time that could have been spent working on other, non-frivolous matters. "[J]udicial resources are in scarce supply. Meritorious claims often take years to w[i]nd their way through our court system, in part because the judicial system is so overburdened." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 820

(4th Cir. 2004). If Plaintiff intends to continue having frivolous matters filed with this Court, then the Court may impose **<u>SANCTIONS</u>**, including, but not limited to, a finding of contempt and a pre-filing injunction.

    **SO ORDERED**.

Signed: May 26, 2016

Richard L. Voorhees
United States District Judge